UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD KRASIL,

Plaintiff,

v.

BRIAN BETZE, et al.,

Defendants.

Civil Action No. 23-2638 (RK) (RLS)

**MEMORANDUM OPINION**

**THIS MATTER** comes before the Court upon Plaintiff Edward Krasil's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against Brian Betze, Molly Avery, Curtis Wyers, Eric Harrison, Methfessel & Werbel, Esqs., Edward Vincent, Michael Polaski, Bruce Darvas, Patrick Carrigg, and the Lenox Law Firm (together, "Defendants"). (ECF Nos. 1, 1-2.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** with prejudice.

**I.      BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). This Complaint is nearly identical in all ways to the lawsuit Plaintiff filed in *Krasil v. Betze, et al.*, Civil Case No. 22-6914 (*Krasil I*), previously dismissed by the Court with prejudice. The underlying facts of this dispute have been thoroughly discussed and set forth in both the May 26, 2023 decision of the Honorable Michael A. Shipp dismissing Plaintiff's Complaint for failure to state a claim, (*Krasil I*, ECF No. 72), and the October 12, 2023 Opinion by the Undersigned dismissing Plaintiff's Amended Complaint with prejudice for failure to state a claim and for failure to adhere to Federal Rule of Civil Procedure 8. (*Krasil I*, ECF No. 120.) Both cases arise out of Plaintiff's continued refusal to

comply with Robbinsville High School's "BOOK BAGS/PURSES" Policy and what he perceives to be the school officials' unfair treatment of him in response.

In his Amended Complaint in *Krasil I*, Plaintiff brought identical causes of actions as alleged in his Complaint in this case, as well as an additional claim for "Personal Services Contract and Involuntary Servitude." (*See Krasil I*, ECF No. 84, at 82–89.) On October 12, 2023, the Undersigned issued a forty-six-page Opinion dismissing Plaintiff's Amended Complaint in its entirety. (*Krasil I*, ECF No. 120.) The Court held that Plaintiff's Complaint both violated Federal Rule of Civil Procedure 8 and failed to state a claim under Federal Rule of Civil Procedure 12(b). (*Id.*) In light of Plaintiff's repeated but failed attempts to cure his pleading, the Court dismissed with prejudice.

As with the Amended Complaint in *Krasil I*, the allegations in Plaintiff's Complaint in the case at bar are difficult to discern. It comprises over sixty-five pages of unnumbered paragraphs and is accompanied by a separate twenty-three-page statement of facts. Moreover, the Complaint largely mirrors the Amended Complaint in *Krasil I*. The Plaintiff, the ten Defendants, and the underlying facts of the dispute are the same. The twenty-nine claims Plaintiff alleges in this Complaint were included in his Amended Complaint in *Krasil I*. (*See* ECF No. 1.) Even the rhetorical flourishes—including describing his teachers and their lawyers as members of the mafia, discussing the writings of Confucius, and pasting full-page excerpts from inapposite Eighteenth and Nineteenth Century Supreme Court cases—appear lifted directly from the pleading in *Krasil I*. Therefore, the Court adopts the discussion of the background section of its prior Opinion in *Krasil I*. (*Krasil I*, ECF No. 120.)

## II.     LEGAL STANDARD

### A.     *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis* ("IFP") by bringing a civil suit without prepaying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under section 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (citations and quotation marks omitted).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a

presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)). Notwithstanding the liberal interpretation, a *pro se* complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

### III.  DISCUSSION

#### A.  *In Forma Pauperis* Application

The Court grants Plaintiff's application to proceed *in forma pauperis*. Judge Shipp granted Plaintiff's prior IFP application in *Krasil I*. (*Krasil I*, ECF No. 8.) As such, the Court will grant Plaintiff, a high-school student, the same courtesy.

#### B.  Review of Complaint

Following review of Plaintiff's IFP application, the Court next screens the Complaint. Upon review, the Court dismisses Plaintiff's Complaint with prejudice. First, the Complaint in the case at bar is nearly duplicative of the Amended Complaint in *Krasil I*. "[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Donahue v. Dauphin Cnty.*, 852 F. App'x 630, 632 (3d Cir. 2021) (quoting *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997)). Here, the twenty-nine causes of action were also brought, and dismissed, in *Krasil I*. The underlying facts arise out of the same events. Plaintiff names the same ten defendants. Moreover, this Complaint, filed on May 15, 2023, was submitted

just over one month before Plaintiff filed his Amended Complaint in *Krasil I* on June 24, 2023, which the Undersigned reviewed and dismissed. The Complaint here recycles and repeats arguments the Court already has considered. Accordingly, the Court deems this litigation frivolous and malicious. *See Donahue*, 852 F. App'x at 632.

Second, the Complaint's claims are barred under the doctrine of claim preclusion. This doctrine, while an affirmative defense, also is an appropriate grounds on which to dismiss a complaint under Rule 12(b)(6). *See Walzer v. Muriel, Siebert & Co., Inc.*, 221 F. App'x 153, 155 (3d Cir. 2007). The claim preclusion doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney General of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). It applies where there was "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir.1999)).

All three elements are satisfied. First, there was a "final judgment on the merits," as the Undersigned dismissed with prejudice Plaintiff's Amended Complaint. *See Abdullah v. The Small Bus. Banking Dep't of the Bank of Am.*, 668 F. App'x 413, 414 (3d Cir. 2016) (holding that there was a final order on the merits "where the District Court previously dismissed the same allegations against the same defendants for failure to state a claim"). Second, this suit involves the same defendants as *Krasil I*. Thus, the "same parties" requirement is satisfied. *See NGK Metals Corp.*, 609 F.3d at 261.

Third, this suit involves the same causes of action as *Krasil I*. This factor is easily met here. "Rather than resting on the specific legal theory invoked, [claim preclusion] generally is thought

to turn on the essential similarity of the underlying events giving rise to the various legal claims . . ." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (quoting *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982)). The Third Circuit applies a number of factors to guide this determination "under the essential similarity test: (1) whether the acts complained of and the demand for relief are the same (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same." *NGK Metals Corp.*, 609 F.3d at 261 (cleaned up).

In this case, Plaintiff's claims were previously brought and dismissed by the Court in *Krasil I*. All twenty-nine counts in this Complaint were included among the thirty counts in *Krasil I*. (*Compare* ECF No. 1 *with Krasil I*, ECF No. 84.) Further, "the factual assertions are indistinguishable," as this suit arises out of the same events giving rise to *Krasil I. NGK Metals Corp.*, 609 F.3d at 261. For these reasons, the Court finds that claim preclusion applies. Accordingly, the Court dismisses the Complaint with prejudice.[1]

---

[1] In addition, Plaintiff filed a "Motion for Leave to Amend Complaint." (ECF No. 22.) The Court denies this motion and adopts its holding from *Krasil I* that any subsequent amendment would be futile. *See Krasil I*, ECF No. 120, at 40–42); *see also Mesadieu v. City of Linden*, No. 18-14561, 2019 WL 2514715, at *5 (D.N.J. June 18, 2019), *aff'd*, 791 F. App'x 294 (3d Cir. 2020) (dismissing with prejudice and finding any "further amendment would be futile" where the Court previously "set forth the deficiencies with Plaintiff's claims and Plaintiff failed to cure any of those deficiencies in the FAC."); *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing complaint with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading); *Pittman v. Saint Francis Hosp.*, No. 15-3371, 2015 WL 6739124, at *3 (D.N.J. Nov. 4, 2015) (noting that "[d]ismissal with prejudice without amendment is appropriate when granting leave to amend would be futile" and doing same (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002))); *Edwards v. V.C.C.B. Bd. Members*, No. 13-3635, 2014 WL 5437044, at *4 (D.N.J. Oct. 24, 2014) (denying Plaintiff leave to amend complaint after dismissing claims with prejudice); *Townsend v. NJ Transit*, No. 10-1136, 2010 WL 4038833, at *1 (D.N.J. Oct. 13, 2010) (holding that leave to amend would be futile where plaintiff's claims were barred under the doctrine of claim preclusion).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, the Complaint is **DISMISSED** with prejudice. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 17, 2023